**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 13-21895-CIV-KING

HIALEAH PHYSICIANS CARE, LLC,
a Florida corporation,

Plaintiff,

v.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, a foreign
Corporation,

Defendant.
_____________________________________/

**ORDER GRANTING MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss (DE #3), filed June 5, 2013. Defendants argue that the Complaint (Compl., DE #1, Exhibit E) should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure. The Court, being briefed on the matter,[1] finds that the Motion should be granted and Plaintiff's Complaint dismissed with prejudice.

## I. BACKGROUND

On April 18, 2013, Plaintiff Hialeah Physicians Care ("HPC") filed a four-count Complaint against Defendant Connecticut General Life Insurance Company ("CGLIC"), alleging claims related to CGLIC's refusal to reimburse HPC for costs of health care

[1] Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss (DE #7) on June 24, 2013, and Defendants filed their Reply (DE #9) on July 8, 2013.

rendered by HPC to employees of Miami-Dade County Public Schools ("MDCPS") pursuant to a group health plan established by the School Board of Miami-Dade County (the "Plan"). (Compl. at ¶ 3-11). HPC is a Florida corporation and a licensed health care provider; CGLIC is a foreign insurance company,[2] authorized to conduct business in the state of Florida.

HPC is a non-contracted provider of health care, and was apparently neither in possession of a copy of the Plan nor had knowledge of the terms of said Plan at the time it brought this action.[3] On the basis of federal diversity jurisdiction, CGLIC timely removed HPC's Complaint to this Court on May 29, 2013.[4] (DE #1). CGLIC subsequently filed its Motion to Dismiss, to which it attached a copy of the Plan.[5] The Plan is self-insured by the School Board of Miami-Dade County.[6] Indeed, the terms of the Plan clearly state that CGLIC serves as the claims administrator for the Plan and the School Board of Miami-Dade County is solely responsible for payment of the benefits covered by the Plan.[7]

## II. LEGAL STANDARD

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12, for failure to state a claim upon which

---

[2] CGLIC is incorporated under the laws of Connecticut and maintains its principal place of business in Bloomfield, CT.
[3] Compl. at ¶¶ 4, 6.
[4] CGLIC was served on May 1, 2013, and filed its Notice of Removal (DE #1) on May 29, 2013.
[5] DE #3, Exhibit A.
[6] The policy states: "IMPORTANT INFORMATION: THIS IS NOT AN INSURED BENEFIT PLAN. THE BENEFITS DESCRIBED IN THIS BOOKLET . . . ARE SELF-INSURED BY THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA WHICH IS RESPONSIBLE FOR THEIR PAYMENT, CONNECTICUT GENERAL PROVIDES CLAIM ADMINISTRATION SERVICES TO THE PLAN, BUT CONNECTICUT GENERAL DOES NOT INSURE THE BENEFITS DESCRIBED." (DE #3, Exhibit A at 5).
[7] *Id.*

relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Iqbal*, 556 U.S. at 664. However, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). And, where documents considered part of a pleading "contradict the general and conclusory allegations" of the pleading, the document governs.[8] *Id.* If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief."

---

[8] Furthermore, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of FL, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

*See Iqbal,* 556 U.S. at 681. The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

## III. DISCUSSION

HPC's Complaint alleges claims for breach of contract (Count I), violation of §627.6131(4)(b), Fla. Stat. (2012) (Count II), quantum meruit (Count III), and unjust enrichment (Count IV). CGLIC has moved for the dismissal of HPC's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### A. The Counts

#### i. Breach of Contract (Count I)

To establish an action for breach of a third party beneficiary contract, HPC must properly allege the following four elements: "(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." *Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 194-95 (Fla. 2006); *Networkip, LLC v. Spread Enter., Inc.*, 922 So. 2d 355, 358 (Fla. 3d DCA 2006).

The Plan itself, which was incorporated into the Complaint by HPC and attached to CGLIC's Motion to Dismiss,[9] belies certain conclusory allegations contained in Count I. Owing to the clear terms of the Plan, HPC has failed to properly allege three necessary elements, namely: (2) the clear or manifest intent of MDCPS and CGLIC that the

---

[9] As the contract between MDCPS and CGLIC is central to HPC's Complaint, the Court may properly consider it in evaluating HPC's claim. *See* n. 7 *supra*.

contract between them should primarily and directly benefit HPC, (3) breach of the contract by CGLIC, and (4) damages to HPC resulting from CGLIC's breach.

The Complaint alleges that HPC is a third party beneficiary of the Plan. (Compl. at ¶ 12). However, HPC's conclusory allegation that it is a third party beneficiary of the Plan is directly contradicted by the express language of the policy, and must therefore be rejected. There is nothing in the Plan itself that demonstrates any clear or manifest intent that the contract between MDCPS and CGLIC would primarily and directly benefit HPC, as required under the law. Indeed, the Plan clearly states that CGLIC is merely the claims administrator for the policy, and "Connecticut General does not insure the benefits described." *See* n. 6 *supra*.

The Plan also undermines HPC's claim that CGLIC breached the contract. By the terms of the Plan, CGLIC is not the insurer and CGLIC never contracted with the beneficiaries to provide the Plan's benefits. Indeed, under the clear terms of the plan, CGLIC is not a party obligated to pay claims thereunder. Accordingly, CGLIC cannot be said to be in breach for refusing to reimburse a health care provider, such as HPC, for costs associated with treatment rendered to Plan beneficiaries.

Finally, as there has been no breach by CGLIC, HPC's conclusory allegation that it has been damaged by CGLIC's refusal to reimburse HPC for costs of treatment rendered under the Plan is unfounded. Accordingly, Count I is dismissed with prejudice because, as a matter of law, HPC is unable to adequately plead entitlement to the relief requested.

**ii. Violation of § 627.6131(4)(b), Fla. Stat. (2012) (Count II)**

HPC's Complaint alleges that the Plan is governed by § 627.6131(4)(b), Fla. Stat. (2012). (Compl. at ¶ 25). The Complaint further alleges that CGLIC is in violation of the statute for failing to timely approve, deny, or contest the claims submitted by HPC to CGLIC. (Compl. at ¶ 26). For the reasons cited herein, the Court finds that HPC's allegations pertaining to § 627.6131(4)(b) do not state a cognizable claim against CGLIC.

As a preliminary matter, § 627.6131(4)(b) is contained within Part VI of Chapter 627, Florida Statutes. Chapter 627 concerns "Insurance rates and Contracts," and Part VI pertains to "Health Insurance Policies."[10] The scope of Part VI is limited by §627.601, Fla. Stat., titled "Scope of this part," which provides that "[n]othing in this part applies to or affects . . . (2) [a]ny group or blanket policy . . . ."[11] By its plain language, § 627.6131(4)(b) sets forth certain actions that a "health insurer" must take after receiving a claim. Notwithstanding HPC's allegations to the contrary, the Plan clearly states that CGLIC is merely the claims administrator for the policy, and "[CGLIC] does not insure the benefits described." *See* n. 6 *supra*.

Thus, § 627.6131(4)(b) is inapplicable. The Plan is a group health plan and CGLIC is not an insurer of the Plan, accordingly, there is no set of facts under which this Court can find CGLIC to be in violation of § 627.6131(4)(b) for failing to timely

---

[10] Part VI of Chapter 627 includes §§ 627.601-627.64995, Fla. Stat.

[11] It is well-settled that Part VI's "Scope of this part" provision limits the application of that Part. *See Essex Ins. Co. v. Zota*, 985 So. 2d 1036, 1043-44 (Fla. 2008) *accord All Children's Hosp., Inc. v. Med. Sav. Ins. Co.*, 2005 WL 1863409, Case No. 8:04-CV-186T26EAJ, at *10 (M.D. Fla. 2005) (holding that, based on §627.601, §627.639 does not apply to group health plans).

approve, deny, or contest claims submitted by HPC. As a result, Count II is dismissed with prejudice, because, as a matter of law, the Court is unable to draw any reasonable inference that CGLIC is liable for the alleged misconduct or that HPC is entitled to the relief requested.

**iii. Quantum Meruit and Unjust Enrichment (Counts III and IV)**

The Complaint purports to state causes of action for quantum meruit and unjust enrichment based upon allegations that CGLIC requested, acquiesced to, and benefitted from HPC's provision of health care to beneficiaries of the Plan. (Compl. at ¶¶ 29, 34). Having considered the allegations of the Complaint, the Court finds that HPC is unable to properly state causes of action for unjust enrichment or quantum meruit because i) no benefit was conferred upon CGLIC by HPC's provision of treatment to Plan beneficiaries and ii) CGLIC made no promises, implicit or otherwise, to reimburse health care providers for treatment provided to Plan beneficiaries.

Under Florida law, claims for quantum meruit and unjust enrichment provide relief based upon the theory that the party seeking relief conferred a benefit on the defendant, and conferring such a benefit is an element of both causes of action. *See Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009) ("The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff."); *see also W.R. Townsend Contracting, Inc. v. Jensen*

*Civil Constr., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999) ("To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it."); *see also Adventist Health Sys./Sunbelt, Inc. v. Med. Sav. Ins. Co.*, 2004 WL 6225293, Case No. 6:03-CV-1121-ORL-19KRS, at *4 (M.D. Fla. 2004) (*"Quantum meruit* claims arise out of circumstances in which parties have expressed discernible intentions and created either incomplete contracts or something, very similar to a contract.").

HPC can hardly be said to have conferred any benefit, even an attenuated one, upon the Plan's insurer by providing Plan beneficiaries with health care services. *See Adventist Health*, 2004 WL 6225293, at *6 ("[A] third party providing services to an insured confers nothing on the insurer except, a ripe claim for reimbursement, which is hardly a benefit."). If HPC conferred no benefit upon the Plan's insurer by providing treatment to Plan beneficiaries, common sense dictates that CGLIC, as the claims administrator, cannot be said to have received a benefit from the same conduct. Additionally, the Complaint contains no allegations of any agreement between CGLIC and HPC that would even make a quantum meruit claim plausible. Accordingly, Counts III and IV are dismissed with prejudice because, as a matter of law, HPC is unable to adequately plead entitlement to the relief requested.

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED**, **ADJUDGED**, and **DECREED** that Defendants' Motion to Dismiss (**DE #3**) be, and is hereby, **GRANTED**. All claims are **DISMISSED with prejudice** as to Defendant Connecticut General Life Insurance Company.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22 day of July, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**